IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL WAYNE GUTHRIE, #1181451, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0895-D |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening. On July 30, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on September 4, 2007.

Statement of Case: Petitioner pled guilty to possession of cocaine in Dallas County, Texas, in Cause No. F03-48873. (Answer to Question 1). On July 16, 2003, punishment was

assessed at eight years imprisonment. (Pet. at 2). Although Petitioner was released on parole or mandatory supervision, his parole was subsequently revoked on October 31, 2006, and he was recommitted to TDCJ-CID. (Answer to Question 2). As part of the revocation proceedings, the Texas Board of Pardons and Parole refused to give him credit for the time he served on parole – i.e., street-time or flat time credits. (Pet. at 7 and Memorandum in support attached to Pet.).

The instant petition, filed on May 18, 2007, challenges the denial of street time or flat time credit for the time that Petitioner served on parole.

Findings and Conclusions: To maintain a habeas corpus action a Petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The normal procedural mechanism for presenting disputes over time credits when the time for direct appeal has passed has historically been by a post-conviction petition for writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007), and more recently, by resorting first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2007) before filing the state habeas application. *See Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (concurring opinion) (noting inmate may apply for a writ of habeas corpus under Article 11.07 after inmate receives written decision issued by highest authority provided for in the resolution system).[1]

---

[1] Section 501.0081 provides as follows:
(a) The department shall develop a system that allows resolution of a complaint by an

A review of the pleadings reflects Petitioner has not exhausted his state court remedies. Since Petitioner challenges TDCJ's refusal to give him credit for the time he spent on parole, he must first exhaust his administrative remedies under § 501.0081 before seeking state and federal habeas relief. In answer to the questionnaire, Petitioner concedes filing neither a time credit dispute nor an art. 11.07 writ. (*See* Answer to Questions 3 and 4). The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claim. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

---

inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2007).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).[2]

A copy of this recommendation will be mailed to Petitioner.

Signed this 2nd day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court. Thus, Petitioner should proceed with utmost diligence and speed in seeking habeas corpus relief in both state and federal court.